TATE, Judge
(concurring).
The writer concurs with the majority holding that the negligence of Mrs. Lucius is not sufficiently proved. According to the allegations of the petition, the defendants are sought to be held liable only on account of Mrs. Lucius’ alleged negligence.
In thus agreeing to reversal, the writer must point out the extremely strong reasons which caused the trial court to hold the defendants liable.
The injured child, 18 months of age, was left in the care of Mr. and Mrs. William Cross. I think the evidence proves the child was hit by the Cross automobile driven by Mrs. Cross. Although all five mature witnesses denied seeing this accident, it is to be remembered that the little child and three other small Lucius children (aged 10, 4, 3) were left at the Cross home with the Crosses and their friends. No mature witness of the Lucius family were able to verify what happened to the child during the absence of the parents during the period the Crosses had the care of the child. Because of conflicting statements, inconsistencies, and for other cogent reasons, the trial court specifically found the defendants’ witnesses unworthy of belief.
The trial court accepted as true the ten-year old sister’s testimony that the car driven by Mrs. Cross struck the child. I agree with our trial brethren that this testimony is strongly corroborated by the testimony of the examining physician, who saw the child the next day, and who felt that a simple fall could not have caused the extensive abrasions and injuries which initially made the doctor suspect a possible skull fracture (eye swollen, both sides of the face lacerated, heavy bruises, etc.) Further, under the trial court’s evaluation of the credibility of the witnesses (which accepted the Lucius’s testimony and discounted all of the defendant’s witnesses to opposite effect), Mrs. Cross, the driver of the car, admitted to the parents the next morning that she had hit the child with her car. See Tr. 58-59, 74 — 75. Admissions made by a party, when offered as evidence by an opposing part, are included within the exceptions to the hearsay rule; including an admission by an agent (such as a wife) when offered against a principal (such as the defendant husband, as master of the community). Cf., Pacholik v. Gray, La.App. 3 Cir., 187 So.2d 480.
So we find that a healthy child left in the care of Mr. and Mrs. William Cross is returned the next day badly damaged, requiring hospitalization, with the true cause of the injury not disclosed. It seems to me that the custodians of the children should bear the burden of proving that the injury to the child in their care did not result from their fault, just as a depository must exculpate himself from fault when he returns damaged goods which were initially placed in his care in good condition.
In this regard, like the trial court, the writer is unfavorably influenced by the failure of the defendants to produce the testimony of Mrs. Cross, the driver of the car, either by deposition or in person at the trial. After all, she is the insured driver *848 whose fault is alleged to be the cause of the injuries to the little girl.
However, despite all of these circumstances, I do agree with our court’s majority that adverse presumptions such as these do not by themselves outweigh positive testimony which indicates the wife’s freedom from negligence. Conceding that the trial court found that almost all the mature witnesses to the accident committed perjury, I think the little ten-year old sister’s testimony, corroborated in some respects by the other witnesses, exculpates the wife from negligence as driver. For the effect of all this testimony is that the wife had requested her husband to take care of the little girl while she left in her automobile to go to her mother’s house next door. The little girl wanted to go with the wife. When the wife left, the little girl was left with the husband on the porch.
According to all the witnesses, the little 18-month old child commenced to run after the wife driving the car. There is some intimation that the little child ran directly to the road and met the car as it completed a turnaround, although I do not think this version is adequately proved.[1] All witnesses indicate that the child was left in the husband’s care, with a special injunction by the wife to the husband to keep the child from trying to go after her. Despite this, the husband admittedly made no effort to stop the child from running toward the car — and as stated, the evidence conclusively shows (under the trial court’s evaluation) the child was hit by the automobile.
Thus, the evidence shows the wife to be free from fault, but also, without contradiction, it proves the husband’s fault in failing to make any effort to stop the child, entrusted to his care, from being injured by the moving automobile.
The husband is made codefendant. Presumably, therefore, judgment should be entered against him, even though the only cause of action alleged is based upon the wife’s negligence, not his.[2] Under LSA-C.C.P. Art. 862, “ * * * a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in its pleadings, * * * See also LSA-C.C.P. Art. 2164, which likewise rejects the “theory of the case” doctrine and entitled an appellate court to render that judgment which is just and legal on the record.
Nevertheless, this disposition is not urged by brief or oral argument. If it were adopted, it brings up interesting questions of law (see Footnote 2) which should not be decided without more adequate notice and briefing. The writer has decided to concur in the present majority disposition of the sole issue yet urged (the wife’s negligence), rather than cause the delay by a reargument on an issue which neither party may wish to discuss. Also, since under the en banc conference practice of this court, a majority at this time favors reversal for the reasons stated in the court’s opinion above, the writer concurs in the court’s present majority view, with full reservation of a re-study by him upon application for rehearing.
For these reasons the writer at present concurs in the reversal.
*849 ORDER
En Banc. It is ordered that a Rehearing be, and the same is hereby denied.
TATE, Judge:
I am of the opinion that a rehearing should be granted as to both defendants. Aside from the authorities cited in my concurring opinion, see (on bodily injury arising out of “use” of the insured automobile): Cagle v. Playland Amusement, Inc., La.App. 4 Cir., 202 So.2d 396, Baudin v. Traders &' General Ins. Co., La.App.3d Cir., 201 So.2d 379, Fidelity & Casualty Co. of New York v. Lott, 273 F.2d 500 (5 Cir. 1966).
FRUGÉ, J., is of the opinion that a rehearing should be granted.

. The wife’s inadmissible exparte statement also suggests this to be the explanation of how the child, taking the short cut straight to the road, was able to be struck by the car, as it turned back down the road from a turnaround in front of the house.

. Probably his liability insurer is also liable for the damages for which he is held liable, since they were caused by the insured vehicle. Under the insuring clause, the policy’s coverage is not restricted to liability “arising out of the use” of the automobile. It includes liability for damages “arising out of the ownership, maintenance, or use” of the insured automobile. See 7 Appleman, Insurance Law and Practice, Section 4317 (1962 revision). It is unnecessary to come to a final conclusion as to this now, for the reasons stated in the text of the concurring opinion.