MILLER, Judge.
Edward Baudin seeks damages for personal injuries to his son, Keith A. Baudin, who was struck by an automobile while crossing the street to go home. The accident occurred when the young boy ran from behind a parked automobile into the path of the approaching car. The parked automobile was owned by plaintiff, insured by Traders and General Insurance Co., and was being driven by plaintiff’s brother-in-law, Jesse Theriot.
Suit was originally filed against Mrs. Laurie Angelle, owner of the approaching vehicle, which at that time was being operated by her then minor son, John B. Angelle. At the time of the accident, the Angelle vehicle was uninsured. Traders and General was also joined as a defendant under the uninsured motorist clause of its policy with plaintiff. Plaintiff subsequently filed a supplemental and amending petition against Traders and General under the “Omnibus Insured” clause of the policy on the theory that the accident was a direct result of the negligence of Jesse Theriot which arose out of the use of the automobile by Theriot.
Traders and General’s answer denied negligence on the part of the uninsured motorist. Traders and General then filed an exception of no cause of action, and, alternatively, a motion for summary judgment denying coverage under the “Omnibus Insured” clause of the policy on the grounds that the petitions failed to show that the accident arose out of the ownership, maintenance or use of the automobile and failed to show any act on the part of Jesse Theriot which was the proximate cause of the accident. The motion for summary judgment was granted by the trial court.
Plaintiff then appealed the judgment granting the motion for summary judgment and we reversed and remanded the case on the grounds that under the facts as alleged in plaintiff’s petition, the accident was one arising out of the use of the insured vehicle within the contemplation of the policy. See Baudin v. Traders and General Insurance Co., 201 So.2d 379 (La.App. 3 Cir. 1967).
After trial on the merits, the district court granted judgment in favor of John B. Angelle and Laurie M. Angelle, dismissing plaintiff’s suit against them. Judgment was also entered in favor of Traders and General denying plaintiff’s claim under the uninsured motorist clause of the policy. *135 Judgment was rendered against Traders and General under the liability clause of the policy based on Theriot’s negligence and in favor of Edward Baudin, individually, in the sum of Eight Hundred Fifty and No/100 ($850.00) Dollars and for the benefit of his minor son in the sum of Sixty-Five Hundred and No/100 ($6,500.00) Dollars. Traders and General appealed the judgment insofar as it awarded damages under the liability portion of the policy and plaintiff answered the appeal, seeking an increase in the award to the minor. Plaintiff has not appealed from that portion of the judgment in favor of Traders and General and John B. and Laurie Angelle dismissing his suit against these defendants under the uninsured motorist clause of the policy and, accordingly, that portion of the judgment is now final.
In its specification of errors Traders and General contends that the trial court erred in finding that Theriot was guilty of negligence which was the legal cause of the accident and in finding that the accident arose out of the use of the insured automobile by Theriot.
The trial judge stated in his oral reasons for judgment that he considered himself bound by our original opinion to find negligence on the part of Theriot under the liability clause of the policy, although in his opinion the facts as established on the trial of the merits did not exhibit negligence on the part of Theriot which proximately caused the accident. He interpreted our opinion as a mandate to him to find Theriot negligent if the facts as alleged by plaintiff in his original and supplemental petitions, and upon which we relied as true in considering the motion for summary judgment, were proven after a trial on the merits.
In the first appeal we were concerned with the interpretation of the “Omnibus Insured” clause of the policy. Under the provisions of this clause defendant agrees to pay if: (1) The insured is “legally obligated” to pay damages; (2) “arising out of”; (3) the “use” of the automobile. For the purposes of its motion for summary judgment, defendant admitted all facts alleged in plaintiff’s original and supplemental petitions. However, defendant argued that even assuming that the alleged facts showed actionable negligence on the part of Theriot, it was entitled to judgment as a matter of law because the accident was not one “arising out of * * * the use of the automobile”. The issue then before us, therefore, was not a factual determination of whether defendant was legally obligated to pay because of actionable negligence on the part of Theriot, but whether as a matter of law any liability arose out of the use of the vehicle by Theriot. We examined the pertinent legal principles and noted the several tests for causation that have been established jurisprudentially to determine whether an accident is one “arising out of” the use of an automobile. We concluded that under the facts as alleged these tests were satisfied and overruled the judgment granting the motion for summary judgment.
In view of the above, we must now determine from the evidence adduced at the trial on the merits whether defendant’s insured was guilty of negligence and if so, was his negligence a legal cause of the accident.
The evidence shows that the plaintiff resides on the north side of St. Charles Street in Breaux Bridge directly across the street from the home of Robert Irwin. On the date of the accident, plaintiff’s three year old son was playing in the Irwin front yard along with several other small children.
Prior to the accident Theriot had driven from the plaintiff’s store in Breaux Bridge to the plaintiff’s house to deliver a package. While driving in an easterly direction down St. Charles Street he noticed several small children, including Keith Baudin, playing in the Irwin yard. He also noticed Kathy Irwin, age 16, sitting on the front steps of the Irwin home. He delivered the package *136 to the Baudin home and started hack to plaintiff’s store travelling in an easterly-direction down St. Charles Street. He stopped in front of the Irwin home and called out to Keith Baudin to “go home” but the young child did not obey his in-stuctions and turned around and continued to play with the children in the yard. At this point Kathy Irwin got up from the front steps where she was sitting and walked around to the driver’s side of the automobile to talk to Theriot. Shortly afterward, and while Theriot was engaged in conversation with Kathy Irwin, the young child started in the direction of his home and ran from behind the parked automobile into the path of the westbound Angelle vehicle.
The amount of time which elapsed from the moment Theriot instructed the child to go home to the time of impact is not clear. Theriot testified that it “was just a few minutes. It can’t be more than five minutes.” In any event, it is evident that the child did not immediately obey Theriot’s instructions to return home. Theriot testified:
“Q. Well, when you told him to go home, he did turn and go toward the Irwin house to play with the children and continued to play with them. Is that right ?
A. He walked towards the carport. But I did not see him going under the carport.
Q. Well, he went towards the carport.
A. Could I see that statement again, please ?
Q. In either case, he did not obey what you told him to do.
A. That’s right.
Q. In place of what you told him to do, he went in the opposite direction, correct?
A. Yes, sir.
Q. And you didn’t see him again until after the accident had happened.
A. Right.”
Theriot further testified as follows:
“Q. Now when the little boy, Keith, turned and started walking toward the house, you had no reason to believe he wasn’t going to go on and keep on playing with the children, did you?
A. Could you repeat that, please.
Q. You had no reason to believe that he would do other than go on with the children there as you saw him turn and go to play with them.
A. Well, yeah, after I told him to go home and he just turned around to play with the kids, I just left it at that. And that’s when Kathy came over to talk to me.”
A written statement made by Kathy Irwin one week after the accident was stipulated into evidence. She stated that Theriot upon stopping at the Irwin home, instructed Keith to return to his house to take a nap but “Keith did not go home, instead he continued to play with the other kids.”
In view of this testimony we cannot find Theriot guilty of negligence which was a legal cause of the accident. If the child had immediately obeyed the instructions of Theriot and had then run into the street into the path of an approaching vehicle, there would have been no intervening factor which would have broken the chain of causation set in motion by Theriot’s instructions to the child to return home. Theriot would have been under a duty to insure the three year old child’s safety across the street. However, as noted above, it is evident that the child did not obey Theriot’s instructions but instead continued to play with the other children. Theriot admitted in his testimony that after he saw Keith start toward the other children he believed the child was going to continue playing. The duty he was under to in *137 sure Keith’s safety across the street was broken by this intervening act of the child in returning to play with the other children. To hold Theriot liable would place an unreasonable burden upon him and as the trial judge noted the evidence does not support such a holding.
In view of the above, there is no necessity to discuss the remaining issues.
The judgment of the trial court dismissing the suit against John B. and Laurie Angelle and against Traders and General under the uninsured motorist clause is affirmed. The judgment of the trial court against Traders and General under the liability clause based on Theriot’s alleged negligence is reversed and plaintiff’s suit is dismissed.
All costs are taxed to plaintiff.
Affirmed in part and reversed in part.