387 So.2d 1181 (1980)
Joyce SHERVILLE et al
v.
NATIONAL UNION FIRE INSURANCE CO. of PITTSBURG, PENNSYLVANIA.
No. 13244.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Dean M. Wattigny, Armentor & Wattigny, New Iberia, for plaintiff.
James T. Guglielmo, Lewis & Lewis, Opelousas, for defendant.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is an appeal from a summary judgment in favor of defendant-appellee, National Union Fire Insurance Company of Pittsburgh, Pennsylvania (hereinafter called "appellee") dismissing plaintiffs' action for damages arising from the death of Vincent L. Sherville.
Appellee moved for summary judgment after issue was joined, attaching to its motion (among other attachments) a certified copy of its policy of insurance. It is clear from the oral reasons given by the trial judge that he relied upon definitions of "automobile" and "mobile equipment" which he assumed were contained in the certified copy of the policy of insurance, but which were in fact not contained in the certified copy of the policy of insurance as attached. The policy's definitions of these terms are crucial to our decision, and, as it is apparent that the complete policy was not attached to the motion for summary *1182 judgment, we reverse the judgment granting summary judgment and remand the case to the trial court for further proceedings. As we assume that the complete policy was not attached through inadvertence of counsel for appellee, we assess all costs of this appeal to appellee.
REVERSED AND REMANDED.

ON REHEARING
In our original opinion, which we hereby vacate, we reversed and remanded for the reason that we could not find in the record pertinent portions of the insurance policy issued by National Union Fire Insurance Company of Pittsburg, Pennsylvania (hereinafter called National Union). We have since located the complete insurance policy.
This is an action for damages arising from the death of Vincent L. Sherville. Plaintiffs are (1) Joyce Sherville, widow of Vincent Sherville, in her individual capacity, in her capacity as administratrix of the succession of her late husband, and as natural tutrix of her minor child, Christopher Sherville, and (2) Christine Sherville, a major, daughter of Vincent Sherville. Named defendant is National Union Fire Insurance Company of Pittsburg, Pennsylvania, insurer of Bradley Sherville, d/b/a Sherville's Scrap and Salvage, under a manufacturer's and contractor's liability policy.
National Union moved for summary judgment after issue was joined, attaching to its motion a deposition of Bradley Sherville and a certified copy of the policy of insurance issued by National Union. The trial court granted summary judgment, although it is clear from its oral reasons that it considered the issue to be very close. We reverse.
It appears from plaintiffs' petition and the deposition of Bradley Sherville that on or about March 26, 1977, Bradley Sherville was loading aluminum beams or duct work at Franklin High School. With him were his father, Vincent Sherville, who was waiting to see a school official, and his brother, Christopher Sherville, who was there to help. A 1963 GMC winch truck owned by Bradley Sherville was used to lift the beams. About fifteen or twenty feet away was a float also owned by Bradley Sherville on which the beams were to be loaded. To load the first beam, Bradley Sherville backed the winch truck up to a fence, the gin poles extending above the top of the fence, and raised the beam. He then drove the winch truck over to the float, loaded the beam, and drove back to the fence, the gin poles of the winch truck again extending over the top of the fence. It was in loading the second beam that the accident occurred. The hook on the winch was attached (plaintiffs allege insecurely) to a hole in the beam, and the beam was lifted. Immediately after the beam was lifted as high as it would go, the beam fell, striking Vincent Sherville, who for some unknown reason had walked under the beam, on the head, knocking him to the ground. Some five or ten minutes later, Vincent Sherville died.
National Union contends that its policy does not afford coverage to the type of risk presented by reason of an exclusion in its policy, but rather coverage is afforded under an automobile liability policy issued by another insurance company.[1] Plaintiffs contend that the exclusion in the National Union policy does not apply to the facts of the present case for several reasons, only one of which need be considered to arrive at the conclusion we have reached here.
National Union's policy contains the following exclusion:
"This insurance does not apply:
. . . . .
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or *1183 (2) any other automobile or aircraft operated by any person in the course of his employment by any insured . . ."
Assuming that Bradley Sherville is liable for his father's death, the question arises as to whether or not National Union's policy affords liability coverage, in view of the quoted exclusion. This turns on whether or not the bodily injury arose out of the "ownership, maintenance, operation, use, loading or unloading of . . . (an) automobile.. . ."
A situation rather similar to the facts of the present case was presented to the Louisiana Supreme Court (on consideration after granting of certiorari) in LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La. 1978). In that case, a sheriff's car, operated by a deputy sheriff, failed to block an intersection for a funeral procession. A speeding motorist traveling at right angles to the funeral procession struck the hearse killing a passenger. The sheriff's office had a professional liability policy and an automobile liability policy.
The professional liability policy provided that it did not apply ". . . to bodily injury arising out of ownership, operation, or use, loading or unloading, of land motor vehicles."
The Louisiana Supreme Court stated:
"An exclusion clause in a liability policy is strictly construed against the insurer and in favor of coverage, if more than one interpretation is possible. Creole Explorations, Inc. v. Underwriter's at Lloyds of London, 245 La. 927, 161 So.2d 768 (1964); Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9 (1948); Couch on Insurance 2d, Section 44:414 (1964). Consonant with this principle, the decisions we could find hold that, where the automobile use exclusion clause is sought to be applied so as to avoid coverage for injuries otherwise covered by a general liability policy, the exclusion clause does not apply where the insured's act is a result of negligence independent of, even though concurring with, his use of an automobile. State Farm Mutual Automoble Insurance Co. v. Patridge, 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973); United States Fidelity & Guaranty Co. v. Breslin, 243 Ky. 734, 49 S.W.2d 1011 (1932); Assurance Company of North America, 108 Ga.App. 766, 134 S.E.2d 540 (1963); Couch, cited above, Section 44:532.
"Accordingly, the exclusion clause in Western World's policy does not operate to exclude coverage of Deputy Smith's negligence leading up to the collision. Although he could and should have used his police car to block the intersection and warn approaching drivers of the dangerous situation, it was not any use or abuse of his vehicle itself that led to his liability. Rather, it was his failure to supersede the automatic traffic signal and warn traffic approaching on the right-of-way highway that a funeral procession was going to pass through it, a function of his duties as law enforcement officer.
"The basis of Deputy Smith's liability is his negligent failure to perform this law enforcement duty, the risk specifically insured by Western World's policy. The circumstance that the deputy was to use his automobile in the performance of this duty was incidental to the breach of this law enforcement duty. His liability is not based upon the negligent use of his vehicle, but rather upon his negligence in failing to secure the intersection so as to alert approaching traffic of the danger involved. The damages to the injured victim arose out of the deputy's breach of his law enforcement duties, not from the deputy's use of his automobile." (footnote omitted) (365 So.2d 471, 479)
Here, the insured's (Bradley Sherville) act was a result of negligence (improperly attaching the cable to the beam, failing to warn Vincent Sherville or to see him) independent of, and not even concurring with, his use of the winch truck as a motor vehicle. It was not the use or abuse of the winch truck as a vehicle, but rather, the use of the winch truck as a winch, that led to Bradley Sherville's possible liability. Bradley *1184 Sherville's possible liability is based not upon the negligent use of his winch truck as a vehicle, but rather upon his negligence in failing properly to secure the cable and hook to the beam.
The Court in LeJeune went on to state that the professional liability policy and the automobile policy were supplemental to one another, and that, as it had found coverage under one, it would not find coverage under the other.
It then becomes pertinent to inquire whether in the present case coverage was afforded under Bradley Sherville's automobile liability policy rather than under his manufacturer's and contractor's liability policy. Although the facts in Baudin v. Traders & Gen. Ins. Co., 201 So.2d 379 (La. App.1967), writ refused, 251 La. 224, 203 So.2d 557 (1967), differ entirely from the facts presented in the present case, the reasoning applies. In that case, a driver of a parked automobile negligently instructed a three year old child of his friend to go home, making it necessary for the child to cross the street. The child darted from behind the parked automobile into the path of a moving automobile, and was seriously injured. Named as defendants were the owner of the moving automobile and the liability insurer of the parked automobile. The liability insurer of the parked automobile moved for summary judgment on its behalf, on the basis of the following language in its policy:
"Part I-Liability
"Coverage A-Bodily Injury; * * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
A. Bodily injury, * * * arising out of the ownership, maintenance or use of the owned automobile. * * *" (201 So.2d 379, 381)
Summary judgment was granted and the case was appealed. The Third Circuit Court of Appeal thoroughly discussed the jurisprudence of Louisiana and other states on the meaning of the phrase "arising out of" the use of an automobile in an automobile liability policy, reversed the judgment granting summary judgment, and remanded the case. It summarized the tests that have been applied in the cases that were cited in its decision as follows:
"(1) The dangerous situation causing injury must have its source in the use of the automobile; (2) The chain of events resulting in the accident must originate in the use of the automobile and be unbroken by the intervention of any event which has no direct or substantial relation to the use of the vehicle; (3) The accident must be a natural and reasonable incident or consequence of the use of the vehicle for the purposes contemplated by the policy, although not necessarily foreseen or expected; (4) The accident must be one which can be `immediately identified' with the use of the automobile as contemplated by the parties to the policy; (5) The accident must be of a type reasonably associated with the use of the automobile as contemplated by the contracting parties; (6) The accident must be one which would not have happened `but for' the use of the automobile."
(201 So.2d 379, 384, 385)
In the present case, if we apply the tests set forth in Baudin, the injury and subsequent death of Vincent Sherville did not "arise out of" the use of the automobile (the winch truck) because under test (2) although the chain of events resulting in the accident could be said to have originated in the use of the winch truck as a vehicle, the chain of events was broken by the use of the winch truck as a winch, the improper attachment of the winch cable and hook to the beam, and the failure to see or warn Vincent Sherville while operating the winch. If the manufacturer's and contractor's liability policy and the automobile liability policy are supplemental, then the exclusion under the National Union policy does not apply, as the accident did not "arise out of" the use of an automobile. Hence, National Union's policy affords coverage.
A federal case, Sparkman v. Highway Ins. Co., 266 F.Supp. 197 (D.C.1967), is also pertinent. In that case, a winch truck was *1185 dispatched to a well site, and while the winch was in operation on the day on which the truck arrived on location, plaintiff, who was directing the driver's operations, was injured. The truck was immobile while the winch was being used. Plaintiff sued the owner of the winch truck and his general insurer. The general liability policy contained the following language:
"This policy does not apply: * * *
(c) * * * to the ownership, maintenance, operation, use, loading or unloading of * * * (2) automobiles if the accident occurs away from such premises (rented to, owned or controlled by the insured) or the ways immediately adjoining * * *."
"(b) Automobile. The word `automobile' means a land motor vehicle, trailer or semitrailer, provided: * * *
(2) the following described equipment shall be deemed an automobile while towed by or carried on an automobile as above defined solely for purposes of transportation while being operated solely for locomotion, but not otherwise: if of the non-crawler type, any power crane * * *"
The court held that the exclusion ". . . use of automobile . . ." was ambiguous, and noted that three experts called to testify by plaintiff had stated that the insurance industry itself was uncertain as to the meaning of the exclusion. Although we do not have the advantage of those experts' testimony, we believe it is relevant that a federal court, insurance experts, and the Louisiana Supreme Court all consider the ". . . use of automobile. . ." exclusion ambiguous. We agree with that conclusion. As we stated in the language quoted from LeJeune, supra, an ambiguity in an exclusion in a liability policy must be resolved against the insurer. Hence, we hold that under the facts as presented under the motion for summary judgment, the exclusionary clause in the National Union's policy does not apply.
We reverse the judgment of the trial court granting summary judgment, and remand the case for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] It is interesting, but not determinative, to note that the plaintiffs in the present suit entered into a settlement with Insured Lloyd's Insurance Company, Fort Worth, Texas, the automobile liability insurer, for the policy limits of $10,000.00.