EDWARDS, Judge.
Henry Howard Willie, plaintiff, filed suit against Raymond Kimball, Johnny Dixon, Jr., Barbara D. Dixon, Stephen C. Howard, Ambulance Service Company of Baton Rouge, Inc., and their insurers, seeking $780,000 in damages for injuries suffered when he was shot through the head while attempting to leave “Nut’s Place.”
The Ambulance Service Company (Ambulance) was named as a defendant on the ground that, while transporting Willie to the hospital, the ambulance driver made a wrong turn and delayed plaintiff’s arrival.
Ambulance filed third party demands against its insurers, The Fidelity & Casualty Company of New York and Aetna Casualty and Surety Company (Aetna). Ambulance sought, inter alia, $7,500 in attorney fees and $7,500 for “severe mental anguish, worry and grief” because the insurers would not discharge their obligations to defend Ambulance against the suit by Willie.
The Fidelity & Casualty Company of New York, general liability insurer for Ambulance, answered and denied policy coverage for any liability arising out of the use, operation or maintenance of motor vehicles.
*113 Aetna answered and urged that the automobile liability policy issued to Ambulance excluded coverage in this case because 1) there was no accident as defined by the policy, 2) the injury to Willie did not arise out of the ownership, maintenance or use of a vehicle, and 3) the policy did not insure against intentional conduct. Aetna subsequently filed a motion for summary judgment which was granted. From the summary judgment dismissing Aetna as a third party defendant, Ambulance appeals. We reverse.
Aetna’s insurance policy provides that
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use . of an owned automobile(.)”
“Occurrence” is defined as
“an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected not intended from the standpoint of the insured(.)”
For Aetna to be liable following a trial on the merits, any injury, or aggravation of an existing injury, must have 1) been caused by an occurrence and 2) arisen out of the ownership, maintenance or use of the ambulance.
For Aetna to be granted a summary judgment there must be no genuine issue of material fact and it must be clear as a matter of law that any injury, or aggravation of an existing injury, either 1) was not caused by an occurrence or 2) did not arise from the ownership, maintenance or use of the ambulance.
We cannot say that what happened in the ambulance was not an occurrence as defined in the policy. In addition, whether what transpired arose from “use” of the ambulance is also in doubt. What is clear, however, is that there are genuine issues of material fact in dispute on these points. Furthermore, based on the jurisprudence, it is not clear that Aetna is entitled to judgment as a matter of law. Baudin v. Traders & General Insurance Company, 201 So.2d 379 (La.App. 3rd Cir. 1967).
We do not find that Aetna is liable based on defendant’s use of the ambulance. Aet-na’s liability, if any, will be determined by the trial court. We merely hold that summary judgment based on the facts presently in the record was improper.
For the foregoing reasons, the trial court judgment is annulled and reversed. The case is remanded for further proceedings not inconsistent with law and this opinion. All costs of this appeal are to be paid by Aetna Casualty and Surety Company.
REVERSED AND REMANDED.