ON REHEARING
On original hearing, we affirmed the judgment of the trial court granting a motion for summary judgment in favor of Bituminous Casualty Corporation (Bituminous). The basis of our decision was that due to the inadequacy of the record on appeal we presumed that the trial court’s ruling and judgment were correct.
On application by the appellants, a rehearing was granted with leave to supplement the record. Having now considered *778 the full record of proceedings in this matter, we again affirm the judgment of the trial court for reasons set out below.
As stated in our original opinion, plaintiff James E. Mouton was injured while employed by Armco, Inc., as a welder. At the time of the accident Mouton was working on the premises of Jack Wade Drilling Company when an employee of Ball Marketing, Inc. (Ball) attempted to pump a load of diesel fuel from the tank of a truck belonging to Ball into a tank located on the drilling rig. Mouton was sprayed with diesel fuel while he was welding and suffered severe burn injuries. These facts are set out in the depositions of Paul Guilbeau, Raymond Daspit, John Allen Martin, and Patrick Thibodeaux. No opposing affidavits were filed.
Bituminous, the automobile liability insurer for Ball, moved for and was granted a motion for summary judgment in this case on the basis that its policy afforded no coverage for any liability Ball might owe to Mouton. A previous motion for summary judgment by National Union Fire Insurance Company (National Union), the comprehensive general liability (CGL) insurer for Ball, was denied by the trial court. In its reasons for judgment on the National Union motion the trial court stated:
“But in this case here, just as in Sherville [v. National Union Fire Insurance Company, 387 So.2d 1181 (La.App. 1st Cir. 1980)] and Doty [v. Safeco Insurance Company, 400 So.2d 718 (La.App. 3rd Cir. 1981) ], you have a motor vehicle which is really used for the purpose of transporting the fuel to be unloaded to another location. Once it gets to that location, its function as an automobile is completed. At that point a hose is attached to the tank on the vehicle, and the pump that’s on the vehicle is used to pump out the fuel to unload it. But that unloading is not intended, in my opinion, to be embraced as part of the ordinary and customary usage of the motor vehicle. And that is the business of the insured, and that’s why he gets general liability coverage.”
We believe the above statement of the trial court relative to National Union’s CGL policy is correct, and the motion for summary judgment in favor of Bituminous based on its automobile liability coverage was correctly granted. In this rehearing we consider the policy provisions which were not part of the original record. We do so on the basis of copies of the policies certified by the clerk of court for Iberia Parish, Louisiana, as being true copies of those originally part of the record. Several pertinent provisions in the National Union and Bituminous policies are identical and are as follows:
“ ‘automobile’ means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not includes mobile equipment;
* * * * * *
“ ‘mobile equipment’ means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicles: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment; .... ”
The Bituminous policy specifically provides coverage for “... bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, for the *779 purposes stated as applicable thereto in the declarations, of an owned automobile or of a temporary substitute automobile, .... ”
The National Union policy excludes coverage for “. .. bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or .. .. ”
Considering the allegations in this matter concerning Ball, we believe the trial judge correctly determined that any liability Ball might have in this matter would not be covered by the automobile liability insurance policy issued by Bituminous. The “use” and “unloading” of the truck as alleged in this accident arose out of Ball’s operation of its business rather than ownership, maintenance, or use of its automobiles. See Lucas v. Deville, on rehearing, 385 So.2d 804 (La.App. 3rd Cir.1980), writs denied, 386 So.2d 357 and 386 So.2d 359 (La.1980), and authorities cited therein. The CGL coverage generally is intended to cover losses arising from business operations.
We also agree with the trial judge that the automobile liability insurance and the CGL insurance are structured so as to be mutually exclusive. Lucas v. Deville, supra. Although a situation may occur in which there may be concurrent coverage, the allegations in this case do not present such a situation. The truck was used to transport fuel to purchasers. During the delivery of the fuel the accident in this case occurred. The truck had been at the site for over an hour, waiting to make its delivery. Under these facts, coverage is provided by the CGL policy of National Union to the exclusion of the automobile liability policy of Bituminous.
For the above reasons, our decree on original hearing is affirmed.
GUIDRY, J., dissents and assigns written reasons.