248 So.2d 238 (1971)
NATIONAL INDEMNITY CO., Appellant,
v.
Anita CORBO, a Minor, by and through Her Natural Father and Next Friend, Anthony Corbo, et al., Appellees.
No. 70-814.
District Court of Appeal of Florida, Third District.
May 4, 1971.
Rehearing Denied June 9, 1971.
*239 Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for appellant.
Corlett, Merritt, Killian & Okell, West Palm Beach, Preddy, Haddad, Kutner & Hardy, and Charles A. Hayes, Miami, for appellees.
Before HENDRY and SWANN, JJ., and CULLEN, RALPH O., Associate Judge.
CULLEN, RALPH O., Associate Judge.
This is an appeal by National Indemnity Company from a summary judgment finding it was obligated under its automobile liability policy to provide a defense to the insured, one of the defendants in the lower court.
Said insured and his wife, a defendant below, were the owners of a German shepherd dog which was kept at home during the day and used as a watchdog at their dry-cleaning plant at night. The dog was transported daily in the family car, driven by some member of the family. On the day in question, insureds' son invited the plaintiff to accompany him on the ride from his home to the plant to leave the dog. Enroute, the son made a stop at a drug store, leaving the plaintiff and the dog in the car. While the son was in the store, the dog bit the plaintiff. Plaintiff sued for damages and also joined as parties defendant National Indemnity Company and Gulf Insurance Company. At the time of the accident the defendant owners had two policies of insurance, a standard automobile liability policy issued by National, and a comprehensive personal liability policy or "homeowner's policy" issued by Gulf.
Both carriers moved for summary judgment. The Court denied National's motion and found that National was obligated to furnish the insureds with a defense of the action and pay any judgment rendered against them up to the amount of its policy limits. Gulf's motion was granted with a finding that Gulf was under no obligation to defend or to assume any liability for any judgment. From this judgment, National appeals.
The pivotal question to be answered is whether the alleged injury to plaintiff in the circumstances of this case was "caused by accident and arising out of the * * * use of the automobile," within the meaning of National's policy.
Under the terms of the automobile liability policy, National is required to defend claims against insured and to provide coverage for damages for bodily injuries:
"* * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."
The homeowner's policy issued by Gulf requires it to defend against claims for damages for which there is coverage under the policy and contains the following exclusionary provision:
"under Coverages E and F, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles * * * while away from the premises, or the ways immediately adjoining."
In reliance upon the above quoted provisions of their respective policies, each carrier denied liability, National contending that the accident did not arise out of the use of the automobile, and Gulf contending that its coverage excluded use of automobile while away from the premises.
While no case has been cited, nor have we found any, involving a dog bite in an automobile, many cases have been cited involving injuries arising out of the use of an automobile in varied factual circumstances. Automobile Liability Insurance: what are accidents or injuries "arising out *240 of ownership, maintenance or use" of insured vehicle, 89 A.L.R.2d 150.
In 7 Appleman, Insurance Law and Practice, Section 4317, page 144, it is said:
"It has been stated that the liability of an insurer under the `ownership, maintenance, or use' provision should be measured in accord with the terms of a policy as understood by a person of reasonable intelligence. Although ownership, maintenance, or use of the automobile need not be the direct and efficient cause of the injury sustained, liability does not extend to results distinctly remote, though within the line of causation. The words `arising out of' when used in such a provision are of broader significance than the words `caused by,' and are ordinarily understood to mean originating from, incident to, or having connection with the use of the vehicle."
and, at Section 4316, page 142:
"The term `use' is the general catch-all of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within one of the previous terms of definition."
In National Indemnity Co. v. Ewing, 235 Md. 145, 200 A.2d 680, the Court in construing the words "arising out of" ownership, maintenance or use of automobile within automobile liability policy said:
"* * * it has generally been held that, while the words import and require a showing of causal relationship, recovery is not limited by the strict rules developed in relation to direct and proximate cause."
and in Manufacturers Cas. Ins. Co. v. Goodville Mut. Cas. Co., 403 Pa. 603, 170 A.2d 571:
"`arising out of' means causally connected with, not proximately caused by."
In Red Ball Motor Freight v. Employees Mutl. Liability Ins. Co., CCA 5, 189 F.2d 374, 378, the Court said:
"We rest our holding broadly upon the view, fully developed by the Supreme Court of Missouri, in Schmidt v. Utilities Ins. Co., (353 Mo. 213, 182 S.W.2d [181] 185) that the words `arising out of the ownership, maintenance or use of the (truck)' are not words of narrow and specific limitation, but are broad, general, and comprehensive terms effecting broad coverage and that they are intended to, and do afford protection to the insured against liability imposed upon him for all damages caused by acts, of his employee in charge of the operation or use of the truck, done in connection with or arising out of such use. `Arising out of' are words of much broader significance then `caused by.' They are ordinarily understood to mean `"originating from," "having its origin in," "growing out of" or "flowing from," or in short, "incident to, or having connection with," the use of the car.'"
In Federal Insurance Co. v. Michigan Mutual Liability Co., U.S.D.C.Pa., 172 F. Supp. 858, the Court held that where automobile policy covered damages caused by accident and arising out of use of the automobile, there was no necessity for causal connection where the question was coverage under the policy rather than liability to the plaintiff in the personal injury action.
Judge Sturgis in American Fire & Casualty Co. v. Blanton, Fla.App., 182 So.2d 36, quoted from Indemnity Ins. Co. of North America v. Metropolitan Cas. Ins. Co., 33 N.J. 507, 166 A.2d 355: "The use of an automobile denotes its employment for some purpose of the user." "Use" extends to any activity involved in the utilization of the covered vehicle in the manner intended or contemplated by the insured. St. Paul Fire & Marine Ins. Co. v. Hartford Acc. & Indem. Co., 244 Cal. App.2d 826, 53 Cal. Rptr. 650.
Appellant contends that there is a distinction between the construction of basic coverage provisions which obtains in its automobile liability policy, and exclusions or *241 exceptions to coverage in Gulf's homeowner's policy, and a stricter rule of construction applied when coverage is excluded.
We accept appellant's premise that exclusionary clauses are narrowly construed against the insurer but reject the attempted application to this case, observing that while rules of construction are applied where there is doubt or ambiguity, plain language requires no construction.
All parties to this appeal concede that the incident which gave rise to this action occurred while the insureds' dog was being transported from their home to their place of business. We conclude that the injury involved in this case arose out of the use of the automobile and within the coverage afforded by appellant's liability policy. Thus it follows that Gulf's policy does not afford coverage.
Therefore, as reversible error has not been demonstrated, the judgment appealed from is affirmed.