**UNION INSURANCE COMPANY, a Nebraska corporation, Plaintiff-Appellee,**

v.

**Carol Sue CONNELLY, individually and as parent and natural guardian of the heirs of Phyllip Connelly, deceased, Rex R. Kohl and Tony L. Martino, Defendants-Appellants.**

No. 82CA0683.

Colorado Court of Appeals, Div. II.

Aug. 16, 1984.

Rehearings Denied Sept. 20, 1984.

Certiorari Granted (Connelly) Jan. 14, 1985.

Certiorari Granted (Kohl and Martino), Jan. 21, 1985.

Hall & Evans, Richard H. Hanneman, Gordon L. Vaughan, Denver, for plaintiff-appellee.

Fredrickson, Johnson & McDermott, P.C., John A. McDermott, Canon City, for defendant-appellant Carol Sue Connelly.

Hoffman & McDermott, Leland P. Anderson, Denver, for defendants-appellants Rex R. Kohl and Tony Martino.

KELLY, Judge.

Defendants appeal from a summary judgment for plaintiff declaring that an automobile insurance policy held by Carroll Weaver and issued by Union Insurance Co. did not provide coverage for injuries sustained from the accidental discharge of a rifle. We affirm.

The deposition of Carroll Weaver reveals the following facts. Rex Kohl, Tony Martino, Phyllip Connelly, and Weaver were driving home from a hunting trip when they stopped at a store in Cotopaxi, Colorado. Kohl and Martino were in one vehicle, Connelly in another, and Weaver in a third. Weaver was the last to arrive in the store parking lot, and he parked his jeep alongside the other hunters, who by then had exited their vehicles and were conversing in the lot.

When Weaver arrived, he had his hunting rifle positioned in a gun rack which was installed across the dashboard. Unknown to Weaver, a cartridge was in the chamber of the rifle. He briefly joined the other hunters and then walked back to the driver's side of his jeep to retrieve a gas can. He noticed the rifle in the gun rack and while leaning inside the jeep from the driver's side, he removed the gun from the

rack to unload it and place it in a scabbard. During the unloading process, while Weaver was still leaning inside the jeep, the gun discharged, killing Connelly and wounding both Kohl and Martino.

Kohl, Martino, and the estate of Connelly filed claims with Weaver's automobile insurance company (Union). Contending that the injuries were not caused by an auto accident, Union filed this action for declaratory judgment. The trial court granted Union's motion for summary judgment on the ground that there was no causal connection between the use of the automobile and the injuries and that, thus, there was no insurance coverage under the policy. We agree.

In relevant part, the policy provided: "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." Defendants contend that since the policy does not define the term "auto accident," it is subject to a broad construction which includes mishaps involving items foreseeably and permissibly transported in an automobile, even though the items are otherwise unrelated to the vehicle. We do not reach this issue since we conclude that the injuries here did not arise from transporting the rifle or from any other covered use.

A covered use must be of the type contemplated by the policy in question and the injury must be one originating from the use of the vehicle "as such." *Mason v. Celina Mutual Insurance Co.*, 161 Colo. 442, 423 P.2d 24 (1967). A use foreign to the inherent purpose of an automobile is not use "as such." *See Azar v. Employers Casualty Co.*, 178 Colo. 58, 495 P.2d 554 (1972). Here, Weaver testified that the rifle discharged while he was attempting to unload it. Even if we assume that transporting a rifle for hunting is a covered use, the unloading of a rifle inside a jeep is not within the inherent purpose for which this kind of vehicle is used, even on a hunting trip.

 Moreover, we agree with the trial court that defendants have failed to show the causal connection between the discharge of the weapon and the then parked car. *See Mason v. Celina Mutual Insurance Co., supra.* Weaver stated that to his knowledge, nothing other than his hand was touching the rifle at the time it discharged. There is no evidence that the vehicle contributed in any way to the discharge of the rifle. It is thus apparent that the injuries arose out of the use of the rifle, rather than out of the use of the automobile. *See Azar v. Employers Casualty Co., supra.*

Judgment affirmed.

BERMAN and BABCOCK, JJ., concur.