464 So.2d 1277 (1985)
Gerald E. DOYLE and Helena C. Doyle, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 84-1512.
District Court of Appeal of Florida, Third District.
March 5, 1985.
*1278 Gerald E. Rosser, Miami, for appellants.
Walton, Lantaff, Schroeder & Carson and Kathleen A. Monahan, Miami, for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is brought by plaintiff's from an adverse summary judgment on a complaint which names only the insurer as a defendant.
The coverage question presented is whether injury suffered at the hands of a robber as plaintiff exited his automobile was "caused by an accident arising out of the ownership ... or use of a motor vehicle and sustained by ... the named insured ... while occupying a motor vehicle ...," as the policy requires.
The undisputed facts as taken from exhibits and depositions are as follows. On August 21, 1981, at approximately 10:45 p.m., plaintiff, Gerald Doyle, accompanied by his wife, Helena Doyle, drove his automobile into his driveway and began exiting the vehicle. An unknown assailant carrying a gun approached the plaintiff and requested money. When Doyle reached for his wallet, the assailant shot him several times.
Barbara Mayor, a claims adjuster for defendant, State Farm Mutual Automobile Insurance Company, was first contacted by counsel for plaintiffs in 1981 concerning a claim for personal injury protection (PIP) benefits. At that time, Mayor verbally denied PIP coverage for the shooting incident. At a subsequent time, she was again contacted by plaintiffs' counsel and, based on their telephone conversation, she agreed that the shooting of Gerald Doyle was covered under his wife's policy. She requested plaintiffs to forward their written personal injury protection application and medical bills so that the claim could be processed and payment made. Plaintiffs did not forward an application to State Farm until 1983. Prior to any payment being made and prior to receipt of the application, Mayor discussed the claim with her supervisor, William Reed, who informed her that the shooting incident was not covered by the PIP provisions of the policy. After the plaintiffs' application was received, Reed and Mayor again discussed possible coverage and the decision to deny the claim was affirmed. Plaintiffs' counsel was then informed accordingly.
Plaintiffs bring this action claiming that defendant failed to uphold the terms of the oral "settlement agreement" by refusing to pay PIP benefits to the plaintiffs.
Appellants rely on Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984) and a more recent opinion of this court, Pena v. Allstate Insurance *1279 Co., 463 So.2d 1256 (Fla. 3d DCA 1985). Novak states the controlling law. In that case, Beverly Novak was in her car and was about to drive away from her residence. She was approached by a mentally deranged stranger named Endicott who asked for a ride. When she refused, Endicott shot her in the face, pulled her from the car, got in, and drove away. The supreme court agreed with the district court that the assailant's motivation in "[o]btaining a ride in or possession of the motor vehicle" established the requisite substantial connection between plaintiff's use of the automobile and her fatal injuries. 453 So.2d at 1119.
In Pena, the plaintiff was a taxicab driver. A passenger entered the cab and asked to be driven to an area where he intended to rob the plaintiff. The passenger then pulled out a gun and demanded plaintiff's money. Plaintiff grabbed for the gun and, as a result, sustained injuries to his left hand. The injuries were caused either by the gun barrel or a bullet coming from the gun. The assailant then ordered the plaintiff out of the cab and drove the cab away from the scene. In a 2-1 opinion, to which Chief Judge Schwartz dissented with typical spirit, the court reversed in part a summary judgment entered for the insurer on a holding that:
the fact that the motor vehicle was a taxi cab was clearly the motivating factor which led the robber to choose the plaintiff as his victim. The fact that the plaintiff was operating a taxi meant he was more likely to have cash (from cab fares) than the average driver. More importantly, the vehicle itself became an instrumentality in the robbery when it was used not only to take the plaintiff and the robber to the scene of the crime, but also as a means of escape . .. after the commission of the crime.
463 So.2d at 1258. Pena, if correct, probably extends the Novak rationale to its outer limits. Nonetheless, we find it distinguishable. Unlike the facts in Novak or Pena, there is no evidence in this case that the assailant's motive was to obtain possession or use of the automobile, or that an assault on the driver was naturally probable owing to the fact that in the ordinary course of business, cash is carried in the particular kind of vehicle. The facts of this case are similar to those of a line of other cases finding no coverage where the automobile was merely the situs of an injury without a causal connection to the injury.[1]See, e.g., Allstate Insurance Co. v. Famigletti, 459 So.2d 1149 (Fla. 4th DCA 1984); Florida Farm Bureau Insurance Co. v. Shaffer, 391 So.2d 216 (Fla. 4th DCA 1980), rev. denied, 402 So.2d 613 (Fla. 1981); Stonewall Insurance Co. v. Wolfe, 372 So.2d 1147 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980).
Appellant's second argument, although framed as a breach of a settlement agreement, is no more than an attempt to create insurance coverage by estoppel. Under Florida law, coverage by estoppel is not permitted. Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co., 276 So.2d 37 (Fla. 1973); Starlite Services, Inc. v. Prudential Insurance Co. of America, 418 So.2d 305 (Fla. 5th DCA 1982); Radoff v. North American Co. for Life and Health Insurance, 358 So.2d 1138 (Fla. 3d DCA 1978).
Affirmed.
NOTES
[1] In Novak, 453 So.2d at 1119, the supreme court stated that it did not disapprove of Reynolds v. Allstate Insurance Co., 400 So.2d 496 (Fla. 5th DCA 1981) which requires, under an automobile insurance claim, that there be a causal connection or relation between the injury-causing incident and the automobile.