484 So.2d 1363 (1986)
AMERICAN STATES INSURANCE COMPANY, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 85-681.
District Court of Appeal of Florida, Fifth District.
March 13, 1986.
Charles J. Condon, Orlando, for appellant.
Timothy E. De Palma, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for appellee.
ORFINGER, Judge.
When a dog which is riding in the back of a pickup truck bites a passenger who has just exited from it, does the injury to *1364 the passenger arise "out of the use, operation or maintenance" of the truck? The trial court held that under the facts of this case it did not. We affirm.
The case was tried before the court on stipulated facts, which are summarized here. William C. Connor drove his mother's pickup truck to a store to make a purchase. Accompanying him in the truck was a friend, William J. Sullivan. In the back of the pickup, which was equipped with a topper and rear window, was William Connor's pit bull dog, Lila, just along for the ride. When they reached the store, Connor stopped the truck and both men got out. As Sullivan passed the open rear window, Lila bit him, causing serious injury.
Sullivan made a claim against William's mother, June V. Connor, who referred the claim to American States Insurance Company (American States), her homeowner's insurance carrier. American States settled the claim with Sullivan, took an assignment of June Connor's rights, then in turn filed this action for reimbursement against Allstate Insurance Company (Allstate), June Connor's automobile insurance carrier. Allstate denied liability, asserting lack of coverage because the incident did not arise "out of the ownership, maintenance or use" of the motor vehicle, as required by the policy of insurance.
This court has previously held that where a motor vehicle is merely the situs of an injury that could have happened anywhere, the injuries do not arise out of the "ownership, maintenance or use" of the motor vehicle. Reynolds v. Allstate Insurance Company, 400 So.2d 496 (Fla. 5th DCA 1981). Other courts have applied the same principle in various factual situations. See Doyle v. State Farm Mutual Automobile Insurance Company, 464 So.2d 1277 (Fla. 3d DCA 1985) (injuries suffered at the hands of a robber who shot the insured as he exited his automobile, held not to have arisen out of ownership or use of automobile); Allstate Insurance Company v. Famigletti, 459 So.2d 1149 (Fla. 4th DCA 1984) (injury to insureds who were shot by a neighbor when they passed by in their automobile, did not arise out of the ownership or use of the automobile); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979) (accidental shooting of decedent by insured while using the flatbed of his truck as a deer stand, held not "arising out of the use" of the truck); Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976) (death of the son who was killed when the pistol discharged as he was removing it from his father's car at the scene of an accident so that the car could be taken to a garage for repairs, held not to have arisen out of the ownership, maintenance or use of the car).
The appellant relies primarily on Government Employees Insurance Company v. Novak, 453 So.2d 1116 (Fla. 1984) and National Indemnity Company v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), but these cases are clearly distinguishable on their facts. In Novak, while noting that the phrase "arising out of the use of a motor vehicle" is a comprehensive term which should be liberally construed to extend coverage broadly, the supreme court held that there must be some nexus between the motor vehicle and the injury. In Novak, the majority of the court found the nexus in the fact that the person who attacked and injured the insured wanted to use the vehicle because he shot the insured, pulled her out of the car and drove off in it after he had been refused a ride. Thus, the use of the car was the reason for the attack, and a sufficient nexus. While Corbo is closer, the dog which bit the plaintiff in that case was a guard dog owned by the insured and being transported to the insured's place of business at the time of the incident. Thus, the transportation of the dog was the sole reason for the vehicle's use at that time, thereby providing the nexus between the use of the automobile and the injury.
Here, the only purpose of the trip was to go to the store, and the dog was merely along for the ride, as was the passenger. The accident occurred at the vehicle, but it did not arise out of the use of the vehicle.
AFFIRMED.
COBB, C.J., and COWART, J., concur.