CARTER, Judge.
This is an appeal from a trial court judgment granting defendants’ motions for summary judgment and dismissing plaintiff’s suit.
FACTS
On or about September 4, 1989, plaintiff, Norma Cantrelle, slipped and fell on a gravel driveway at the residence of her son, Karl A. Cantrelle. Plaintiff’s fall occurred while she was assisting her daughter-in-law unload a roll of carpet from a flatbed trailer,[1] which was connected to her son’s pick-up truck. As a result of the fall, plaintiff sustained serious injuries to her right ankle.
On August 81, 1990, plaintiff filed the instant suit for damages naming the following defendants: Karl Cantrelle (“Can-trelle”); Cantrelle’s automobile liability insurer, Dixie Lloyd Insurance Company (“Dixie); Cantrelle’s homeowner’s insurer, State Farm General Insurance Company (“State Farm”); and Cantrelle Fence and Supply’s UM insurer, Allstate Indemnity Company (“Allstate”). By supplemental petition filed July 13, 1991, plaintiff substituted Louisiana Insurance Guaranty Association (“LIGA”) as a defendant for Dixie, which had been placed under receivership/liquidation.
In her original petition, plaintiff alleged that the gravel in the driveway constituted a defect in the premises for which Cantrelle was strictly liable. Plaintiff argued that the gravel was defective because it was loose and not mixed with sand, clay, or other material which would have stabilized it and prevented it from rolling when walked on. Plaintiff also alleged that Can-trelle was negligent in improperly parking his truck, with the attached trailer, in a location which he knew or should have known to be unsafe for egress from the vehicle.
Thereafter, LIGA and Cantrelle filed a motion for summary judgment claiming that Dixie’s policy did not provide coverage for the injuries sustained by plaintiff. Allstate also filed a motion for summary judgment. Defendants argued that the accident did not involve the “use” of the truck and, therefore, neither policy provided coverage. In addition, LIGA and Cantrelle argued that the Dixie Policy specifically excluded coverage for the borrowed trailer.[2]
The motions and arguments were heard on December 20, 1991. Judgment was rendered granting both motions for summary judgment and dismissing plaintiff’s claims against LIGA, Cantrelle, and Allstate. From this adverse judgment, plaintiff appeals, contending that the trial court erred in granting the motions for summary judgment.[3]
SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115, 1120 (La.App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C. art 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26, 27 (La.1982); Legros v. Norcen Exploration, Inc., 583 So.2d 859, 860 *1000 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 588 So.2d 109 (La.1991).
A fact is material if it is essential to the plaintiffs cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 884 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991). To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is, and that it excludes any real doubt as to the existence of material fact. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d at 1120. The court must closely scrutinize the papers supporting the position of the mover, while the papers of the party opposing the motion are to be treated indulgently. Ortego v. Ortego, 425 So.2d 1292, 1297 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La.1983).
Summary judgments are not favored and should be used cautiously and sparingly, and any reasonable doubt should be resolved against the mover. Penalber v. Blount, 550 So.2d at 583; Hollis v. City of Baton Rouge/Parish of East Baton Rouge, 593 So.2d 388, 389 (La.App. 1st Cir.1991). In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This is true even if grave doubt exists as to a party’s ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-1071 (La.App. 3rd Cir.1985). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir.1988).
DISMISSAL OF CANTRELLE AND LIGA
With regard to liability coverage, Dixie’s policy provides that it will pay damages for bodily injury or property damage for which any “covered person” becomes legally responsible because of an auto accident. In defining “covered person,” the definition includes “you or any family member for the ownership, maintenance, or use of any auto or trailer.” Thus, Can-trelle’s liability insurance affords coverage for plaintiff’s injury if three conditions are satisfied:
(1) that there is an auto accident;
(2) that Cantrelle is legally responsible for plaintiff’s injury, and
(3) that plaintiff’s injury was due to the “use” of Cantrelle's automobile.
In support of their motions for summary judgment, defendants argued that plaintiff’s accident did not arise out of the “use” of Cantrelle’s vehicle. In order for LIGA and Cantrelle to prevail on summary judgment in the instant case, they must prove that Cantrelle’s automobile liability policy *1001 excludes coverage for plaintiffs injuries. There is no coverage under the policy if plaintiffs injuries did not arise out of the use of Cantrelle’s automobile.
The meaning of the term “use” in vehicle liability insurance policies has been the subject of much litigation. The term “use” is a broad catch-all designed to include all proper uses of the vehicle not falling within the terms of “maintenance” or “ownership” under automobile liability policies. The term “use” involves simply employment for the purpose of the user. Baudin v. Traders & General Insurance Company, 201 So.2d 379, 381 (La.App. 3rd Cir.), writ refused, 251 La. 224, 203 So.2d 557 (1967).[4]
In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), the court established the analysis to be used in determining whether an accident arose out of the “use” of an automobile. The court noted that the “use” provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. Thus, the courts are required to answer two separate questions:
(1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a use of the automobile?
In order for the conduct to arise out of the use of the vehicle, the automobile must be essential to the theory of liability. The specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by the insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of the automobile. W.S. McKenzie and H.A. Johnson, Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, § 65 (1986).
One need not be actually operating or driving a vehicle in order to be using it. Green v. DeFelice, 466 So.2d 1373, 1378 (La.App. 3rd Cir.1985); Tolleson v. State Farm Fire and Casualty Co., 449 So.2d 105, 108 (La.App. 1st Cir.), writ denied, 450 So.2d 968 (La.1984). “Use” of a vehicle includes instances where no one is inside a vehicle. See Green v. DeFelice, 466 So.2d at 1378; Duvigneaud v. Government Employees Insurance Company, 363 So.2d 1292, 1294 (La.App. 4th Cir.1978), writ denied, 366 So.2d 560 (La.1979). Parking a vehicle in a negligent manner has also been held to fall within the definition of “use.” Baudin v. Traders & General Insurance Company, 201 So.2d at 379.
In the instant case, plaintiff asserts that Cantrelle parked his truck in a location which made egress from the trailer dangerous and that the negligent parking constitutes a “use” of the vehicle so as to afford coverage under Dixie’s policy. Plaintiff suggests that Cantrelle had a duty to park his vehicle in a safe manner, i.e., such that anyone unloading the trailer would not have to walk upon the allegedly defective gravel driveway. This duty, which is imposed only upon motorists, does not exist independently of the automobile. Thus, it is clear that a genuine issue of material fact exists with regard to whether the vehicle was negligently parked, making summary judgment inappropriate. Accordingly, the trial court erred in granting the summary judgment and dismissing LIGA and Cantrelle.
DISMISSAL OF ALLSTATE
Allstate appeared solely in its capacity as UM insurer for Cantrelle Fence and Supply, Inc. The record does not contain a copy of the Allstate policy, so it cannot be determined whether plaintiffs injuries are covered or excluded under the UM policy. Therefore, we find that the trial court erred in dismissing plaintiffs claims against Allstate and granting Allstate’s motion for summary judgment.
CONCLUSION
For the reasons set forth above, the trial court judgment granting defendants’ mo *1002 tions for summary judgment is reversed. We remand the case to the district court for further proceedings in accordance with the law and the views expressed herein. All costs of this appeal are assessed against defendants.
REVERSED AND REMANDED.

. The trailer was owned by Cantrelle Fence and Supply, Inc. (a business partly owned by plaintiff).

. Even if the Dixie policy excludes coverage for liability arising out of the use of the trailer, there may be coverage under the policy for "use” of Cantrelle’s truck. Therefore, it is not necessary for us to address the exclusion and its applicability to the trailer.

.Answers to the appeal were filed on behalf of Cantrelle, LIGA, and Allstate, but they did not request any specific relief other than that the trial court judgment be affirmed, that oral argument be granted, that the appeal be dismissed with prejudice, and that plaintiff be cast with costs.

. In Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), the Lou isiana Supreme Court criticized the elaborate "arising-out-of-use" test enunciated in Baudin.