**Ralph J. SANCHEZ, Jr.,**
**Plaintiff–Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Defendant–Appellee.**

**No. 92CA1647.**

Colorado Court of Appeals,
Div. II.

Jan. 13, 1994.

Rehearing Denied Feb. 24, 1994.

Certiorari Denied Aug. 8, 1994.

Melat, Pressman, Ezell & Higbie, Glenn S. Pressman, Colorado Springs, for plaintiff-appellant.

Anderson, Campbell and Laugesen, P.C., Walter S. Rouse, Colorado Springs, for defendant-appellee.

Opinion by Judge NEY.

In this uninsured motorist claim, plaintiff, Ralph J. Sanchez, Jr., appeals the summary judgment entered in favor of defendant, State Farm Mutual Automobile Insurance Company. We affirm.

Plaintiff, a police officer, assisted in the stop and arrest of a felony suspect who was driving an automobile. The suspect had complied with police officers' instructions to exit his vehicle and was lying face down on the ground beside it when his dog jumped from the vehicle. The dog, a pit bull, did not obey the suspect's order to get back into the car. Instead, the dog attacked and severely bit plaintiff. As a result of his injuries, plaintiff was unable to continue his career as a police officer.

Thereafter, based upon the provisions for uninsured/underinsured motorists contained in his personal automobile insurance contract, plaintiff submitted a claim to defendant. This claim was rejected by defendant, which maintained that plaintiff's injury was not covered by his insurance policy and, further, that if it were covered, plaintiff's disability and workers' compensation benefits would offset any uninsured motorist benefits to which he was entitled.

Plaintiff then sought a declaratory judgment that his injuries arose "out of the use of a motor vehicle" and were thus within the scope of his coverage and that defendant would not be entitled to a setoff. Plaintiff also asserted a claim of bad faith against defendant.

Based upon a stipulated statement of facts, the trial court granted summary judgment in favor of defendant and ordered the complaint dismissed with prejudice. This appeal followed.

## I.

■ Plaintiff asserts that the trial court erred in its determination that his injuries were not covered by his insurance. We are not persuaded.

Plaintiff's insurance policy provides coverage for damages arising out of the operation, maintenance, or use of an automobile by an uninsured motorist. Therefore, the question before us is whether the injuries inflicted here by the uninsured motorist's dog arose out of the operation or use of his automobile.

Plaintiff maintains that the transportation of a dog in an automobile is a common and accepted practice and, as such, constitutes a "use" contemplated by the policy and, furthermore, that this use of the vehicle was the cause of plaintiff's injuries.

In support of this position, plaintiff cites *Cung La v. State Farm Automobile Insurance Co.*, 830 P.2d 1007 (Colo.1992) (shooting that occurred because victim was driving a particular vehicle arose from use of vehicle) and *Kohl v. Union Insurance Co.*, 731 P.2d 134 (Colo.1986) (accidental injury that occurred when rifle discharged while being removed from hunter's vehicle presented causal connection sufficient to constitute use of vehicle).

Plaintiff's attempt to extend uninsured motorist coverage to a policy holder bitten by a dog while the policy holder, the uninsured motorist, and the dog are all outside the uninsured vehicle has not previously been addressed by the courts of this state. Therefore, we look to other jurisdictions for guidance to determine whether there is the required causal connection between the vehicle's use and the injuries to plaintiff. *See Mason v. Celina Mutual Insurance Co.*, 161 Colo. 442, 423 P.2d 24 (1967).

Plaintiff primarily relies upon *Duvigneaud v. Government Employees Insurance Co.*, 363 So.2d 1292 (La.Ct.App.1979). There, the court concluded that an accident which occurred when a dog jumped from a vehicle, ran into the road, and collided with a motorcycle arose from the use of the vehicle. However, the analysis applied in *Duvigneaud* was subsequently disapproved in *Carter v. City Parish Government*, 423 So.2d 1080 (La. 1982), where it was characterized as an "elaborate arising-out-of-use-formula." In *Carter*, the Louisiana Supreme Court instead arrived at a two-step test to analyze the issue of use: (1) Was the conduct of which plaintiff complained a legal cause of the injury? (2) Was such conduct use of the automobile?

Plaintiff cites additional authority finding the required vehicular use, but in each case the facts are distinguishable: *National Indemnity Co. v. Corbo*, 248 So.2d 238 (Fla. Dist.Ct.App.1971) (purpose of journey was to transport dog, and the dog bit passenger inside car); *Transamerica v. Farmers Insurance Exchange*, 463 N.W.2d 641 (N.D.1990)

(dog in back of pickup truck bit pedestrian as he walked by); *Hartford Accident & Indemnity Co. v. Civil Service Employees Insurance Co.*, 33 Cal.App.3d 26, 108 Cal.Rptr. 737 (1973) (dog bit passenger as both dog and passenger were exiting vehicle).

In contrast, a majority of relevant opinions concludes that no causal connection existed between animal-related injuries and use of the vehicle: *American States Insurance Co. v. Allstate Insurance Co.*, 484 So.2d 1363 (Fla.Dist.Ct.App.1986) (passenger, after exiting pickup truck, bitten by pit bull which remained in the back of the truck); *Alvarino v. Allstate Insurance Co.*, 370 Pa.Super. 563, 537 A.2d 18 (1988) (dog bit passenger as both rode in the back of a van); *Stuen v. American Standard Insurance Co.*, 178 Ill.App.3d 986, 128 Ill.Dec. 188, 534 N.E.2d 208 (1989) (dog taken from car by uninsured motorist, wandered onto roadway, and was struck by motorcyclists who were thus injured).

■ To establish the requisite causal relationship, the claimant must establish that the accident would not have occurred but for the vehicle's use. *Kohl v. Union Insurance Co., supra.*

Here, the stipulation is silent as to the reason the dog was in the automobile. Here, also, the stop and exit from the vehicle were not based upon the operation of the vehicle, but rather upon the driver's status as a suspected felon. And, the dog's attack did not occur because it had been in the vehicle, but rather because it sought to protect its master.

Consequently, we agree with the conclusion of the trial court that the mere transportation of the dog to the scene of the injury is, by itself, insufficient to support a finding that the injury arose from the use of the automobile. Therefore, we perceive no error.

## II.

Because we have concluded that plaintiff's policy of insurance provides no coverage for his injuries, we do not address his further contentions.

The judgment is affirmed.

TAUBMAN, J., concurs.

TURSI, J., dissents.

Judge TURSI dissenting.

I respectfully dissent.

The supreme court has twice reversed our court's narrow construction of "use" as contained in standard automobile insurance policies. *See Cung La v. State Farm Automobile Insurance Co.*, 830 P.2d 1007 (Colo.1992), *rev'g State Farm Insurance Co. v. Cung La,* 819 P.2d 537 (Colo.App.1991) and *Kohl v. Union Insurance Co.*, 731 P.2d 134 (Colo. 1986), *rev'g Union Insurance Co. v. Connelly,* 694 P.2d 354 (Colo.App.1984). I believe the message from our supreme court on this question is clear, and I would follow it.

It is stipulated that the uninsured driver was using the vehicle to transport himself and the pit bull when stopped by the police officers.

The trial court found the pertinent facts to be that the plaintiff was one of two police officers involved in the stop and arrest of a man driving an uninsured automobile. The man was removed from the car and placed on the ground to be handcuffed. Almost at the same moment a pit bull riding in the car jumped out, menaced both police officers, and bit the plaintiff, causing serious and permanent injury. The dog was not called out of the car by the driver.

Under these circumstances, the factual issues militate against granting the insurer a summary judgment because, under all of the attendant circumstances here, a jury could reasonably infer that the driver's use of the vehicle was negligent and that this negligence was causally connected to the plaintiff's injuries.

In *Kohl v. Union Insurance Co., supra,* a loaded rifle was being carried in a jeep. When the insured driver sought to unload the rifle, it discharged, killing one person and wounding Kohl and a third person who were conversing in the parking lot.

Rejecting the insurer's argument that it was the use of the rifle, rather than the use of the automobile, that was the sole causal connection to the injury, our supreme court held that the defendant's "actions were inti-

mately related to the use of the vehicle as transportation for himself and his rifle...."
*Kohl v. Union Insurance Co., supra* at 137.

Here, similar to the situation in *Kohl,* a jury could reasonably infer that the transporting of an unleashed pit bull in a vehicle was negligent use and causally connected to the injuries sustained by the plaintiff when the dog's master was ordered out of the vehicle and, in front of an opened door, was placed on the ground and handcuffed.

Therefore, I would reverse the summary judgment in favor of the insurer and remand for trial on the merits.