LILJEBERG, J.,
dissents.with reasons.
. hi have considered the opinion of the majority; Based on the clear and concise language of the policy, as well as controlling jurisprudence, I cannot agree.' I believe the trial court improperly granted the motions for summary judgment filed by plaintiffs, Peggy Brazan and Brookes Bra-zan Waguespack, and! deféndant, State Farm Mutual Automobile Insurance Company (“State Farm”). I further believe the trial court erred in finding the trailer is a “covered auto” under the nonowned autos provision of the insurance policy issued by defendant, Hallmark Specialty Insurance Company, to defendant, Arabie Trucking Company, L.L.C. ^(“Arabie Trucking”). . ,
- The majority agrees with the trial court that the trailer is a nonowned auto under Hallmark’s policy because the trailer was used in connection with Arabie Trucking’s business. The trial court and majority fail to recognize, however, that plaintiffs’ claim for damages , does not arise out of Arabie Trucking’s alleged liability for the use of the-trailer, but rather plaintiffs allege their damages are the result of Arabie Trucking’s- maintenance of the trailer. Louisiana " courts have found that maintenance and use are distinct terms in insurance policies. I believe a comparison of the facts and claims at issue with the terms of the policy requires a determination that damages | ¿resulting from the insured’s maintenance of a nonowned auto is not covered under Hallmark’s policy.
An insurance contract is to be construed as a whole and each provision in the contract must be interpreted in light of the other provisions. Sims v. Mulhearn Funeral Home, Inc., 07-54 (La.5/22/07), 956 So.2d 583, 589. One provision of the policy should not be construed separately at the expensé of disregarding other provisions. Succession of Fannaly v. Lafayette Ins. Co., 01-1144 (La.1/15/02), 805 So.2d 1134, 1139. If the words of the insurance policy are clear and express the intent of the parties, the agreement must be enforced as written. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183.
In this matter, the coverage analysis must start with the policy’s insuring clause which provides:
We will pay all sums an ‘insured’ legally must pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies, caused by an ‘accident’ and resulting from the ownership, maintenance or use of a covered ‘auto’. [Emphasis added.]
*1282 As explained in the majority opinion, the parties agree the only covered- auto definition at issue, is the nonowned autos provision which states:
Only those ‘autos’ you do not own, lease, hire, rent, or borrow that are used in connection with your business. This includes ‘autos’ owned by your ‘employees’, partners (if you are a partnership), members (if you are a limited liability company), or members of their, households but only while used in your business or your personal affairs. [Emphasis added.]
The insuring clause clearly states that Hallmark’s policy only covers the sums the insured is liable to pay and which result from the ownership, maintenance or use of a covered auto. The parties agree Arabie Trucking did not own the trailer. Therefore, in order for coverage to exist under IsHallmark’s policy, the damages must result from either the “maintenance or use of a covered ‘auto.’ ”
As the majority points out in its opinion, State Farm contends the damages plaintiffs seek to recover under Hallmark’s policy are the result of Arabie Trucking’s alleged improper maintenance of the trailer. They do not seek to recover damages for Arabie Trucking’s alleged vicarious liability for WHFs and Jerold Washington’s use of the trailer at the time of the accident. A review of the record before this Court indicates that plaintiffs have maintained this position throughout these proceedings.[1]
I agree with the majority that the question before this Court is not whether Ara-bie Trucking is in fact liable for damages. I further agree the coverage question before this Court requires a determination of whether the trailer was used in connection with Arabie Trucking’s business. However, the coverage question posed by the trial court and majority is incomplete. I believe their analysis of the coverage issue neglects to compare the facts upon which plaintiffs seek damages, the alleged improper maintenance of the trailer, with the relevant terms of the policy.
When determining whether coverage exists, the court must analyze whether the injured party raises a claim and facts which would be covered under the terms of the policy. Smith v. Reliance, 01-888 c/w 0-889 to 01-898 and 01-387 (La.App. 5 Cir. 1/15/02), 807 So.2d 1010, 1015. Plaintiffs’ facts and allegations must be compared with the terms of the policy to determine whether coverage exists. . Id. The insured must prove that the incident from which the claim arises is covered by the policy. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1010.
|4In a recent decision, State Farm Fire & Cas. Co. v. Lezina, 15-1417, p, 10 (E.D.La.3/7/16), 168 F.Supp.3d 900, 2016 WL 909516, 2016 U.S. Dist. LEXIS 30823, the court noted that when interpreting nonowned 'autos provisions, Louisiana courts apply different tests depending on the circumstances and basis for liability asserted against the insured. For example, when a plaintiff alleges the insured is liable for an employee’s use of an alleged nonowned auto at the time of the accident, Louisiana courts analyze the “used in connection .with [the insured’s] business” language by inquiring as to whether the employee was using the auto in the course and scope of the employer’s business or whether the employee was .using the vehicle for his or her personal reasons at the *1283 time of the accident. See, e.g., Perkins v. Guaranty Nat’l Ins. Co., 95-229 (La.App. 3 Cir. 11/2/95), 667 So.2d 559, 563-64, writ denied, 96-0759 (La.5/31/96), 673 So.2d 1033 (“The jurisprudence has interpreted the nonowned autos provisión as requiring that the accident occur while the nonowned auto is being used in the course and scope of the insured’s business or personal affairs.”).[2]
When the matter involves the use of an auto by a nonemployee or subcontractor, Louisiana courts often utilize the “course and scope” analysis, as well as a consideration of the control the insured maintains over the auto and the person using the auto at the time of the accident, when considering a nonowned autos provision. See, e.g., Adams v. Thomason, 32,728 (La. App. 2 Cir. 3/1/00), 753 So.2d 416, 421, writ denied, 00-1221 (La.6/16/00), 764 So.2d 965; Gore v. State Farm Mutual Insurance Company, 26,417 (La.App. 2 Cir. 1/25/95), 649 So.2d 162, 166, writ denied, 95-481 (La.4/21/95), 653 So.2d 555; Davis v. Scottsdale Insurance Company, 12-255 (La.App. 5 Cir. 10/30/13), 128 So.3d 471, 477, writ denied, 13-2818 (La.2/14/14), 132 So.2d 967; Union Standard Insurance Company v. Hobbs Rental Corp., 566 F.3d 950 (10th Cir.2009); United States Fidelity & Guaranty Company v. Sanders, 5:03-0702 (S.D.W.Va.3/23/06), 2006 U.S. Dist. LEXIS 23135.[3]
Unfortunately, Louisiana cases analyzing nonowned autos provisions largely involve situations where the plaintiffs seek damages resulting from the use of the auto at the time of the accident, as opposed to the maintenance of the auto; However, as explained above, courts must simply compare the relevant facts with the policy terms. When this element is added to the analysis, the coverage question before this Court, becomes whether the insured’s maintenance of the trailer constitutes, the ’ use of the trailer in connection with the insured’s business. Hallmark contends its policy does not cover its insured’s maintenance of a nonowned auto.
Louisiana courts have found the terms maintenance and use are distinct in the context of an insurance policy. See Wall v. Windmann, 142 So.2d 537 (La.App. 4th Cir.1962); Chase v. Dunbar, 185 So.2d 563, 569 (La.App. 1 Cir.1966), writ denied, 187 So.2d 738 (1966). The inclusion of the term “use” in an auto liability policy is a broad catch-all designed to encompass all proper uses of a vehicle' not falling within the terms maintenance or ownership, arid involves simply employment for the purposes of the user. Bernard v. Ellis, 11-2377 (La.7/2/12), 111 So.3d 995, 1003; Cantrelle v. State Farm General Insurance Co., 92-0568 (La.App. 1 Cir. 4/23/93), 618 So.2d 997, 1001. Furthermore, Louisiana courts have' held that faulty repair work amounts to “maintenance” -under provisions of | r,auto liability policies. Jones v. Louisiana Timber Co., 519 So.2d 333, 336, fn. 1 (La.App. 2 Cir.1988); Chase, supra; Wall, supra.
Black’s Law Dictionary defines “use” as, “to convert to one’s service; to employ; to avail oneself of; to utilize; to carry out a purpose or action by means of; to put into action or service, especially to attain an end.” Black’s Law Dictionary 1541 (6th ed. 1990). “Maintenance” is defined as the “upkeep or preservation of condition of *1284 property, including cost of ordinary repairs necessary and proper from time to time for that purpose.” Id. at 953,
In Wall, supra, the Fourth Circuit considered whether auto maintenance qualified as the use of an auto in connection with th'e insured’s business. The plaintiff, an automobile mechanic for a Chevrolet dealer, was working'with another mechanic making adjustments on a new pickup truck to be delivered to a customer of the dealer. The plaintiff was under the hood working on-the engine while his co-worker was inside the cab, fine-tuning the instrument panel and dashboard. The plaintiff asked his co-worker to start the engine. The co-worker complied, but was unaware that the truck was in gear. The truck moved forward and pinned the plaintiffs right leg between a work bench, and the front bumper.
• The plaintiff sued Allstate, the co-worker’s automobile insurer. Allstate’s policy provided coverage for damages arising out of the “ownership, maintenance or use” of the insured automobile or any nonowned vehicle. Id. at 538. Allstate denied coverage based on an exclusion in the automobile policy providing that coverage -does not apply to a “non-owned automobile while used (1) in the automobile business by the insured....” Allstate argued that the exclusion applied because its insured did not own the truck and at the time of the accident, the insured was using the truck in an automobile business. The Fourth Circuit held that the exclusión did |7not defeat coverage because the insured’s maintenance of the nonowned auto did not constitute the use of the auto:
The insuring clauses of the contract protect the insured from liability arising out of the ‘ownership, Maintenance or use’ of the owned or non-owned automobile, and the three terms employed in the policy setting forth the conditions under which the insurer was to be liable must be given effect, each of which, ‘ownership,’ ‘maintenance’ or ‘use,’ is general in nature and covers a situation different from the others. In Webster’s New International Dictionary, Second Edition, one of the definitions of the word “maintenance” is: '3. The upkeep of property, machinery, equipment, etc.’ One definition of the word ‘use’ as appears in the same authority is: '2. To convert to one’s service; to avail oneself of; to employ; as, to Use a plow, a chair, a book; an artist Uses a model or an author Uses a neighbor as a character in his story.’
The truck was not being, used by Wind-mann when plaintiffs injuries occurred, but Windmann’s activity in making adjustments thereto in order to ready it for delivery to the purchaser would constitute maintenance, and defendant’s liability to plaintiff for damages by reason of Windmann’s ‘maintenance’ of the non-owned automobile is certain.
Id. at 539.
Furthermore, in Chase v. Dunbar, supra, the court discussed the distinction between maintenance and use in considering whether mechanics were insureds under a liability policy. The policy covered damages arising out of the ownership, maintenance or use of an owned automobile. It further defined insureds as the named insured, as well as “any other person using such automobile with the permission of any named insured provided his actual operation or (if he is not operating) his actual use thereof is within the scope of such permission.” At the time of the incident, two mechanics were attempting to help the insured start , his vehicle that had stalled. One mechanic was attempting to start the vehicle, while the other mechanic was refilling the vehicle with gasoline by pouring gas in the carburetor. During this process, the gasoline in the can ignited and the mechanic threw the burning can *1285 aside. The gas can hit the plaintiff causing him to-suffer | «injuries.
The plaintiff argued the mechanics were insureds. However, the appellate court noted that ownership, maintenance or use were distinct terms under the policy, and that the definition of an insured only included a person using the vehicle. The court further found that the' mechanics’ attempt to start the vehicle constituted maintenance of the vehicle as opposed to use. Id. Therefore, the mechanics were not insureds under the policy. Id.
Based on the forgoing, I believe the trial court erred in finding the trailer was used in connection with Arabie Trucking’s business. The trial court and the majority opinion fail to recognize that plaintiffs seek to establish coverage under Hallmark’s policy based on Arabie Trucking’s alleged liability for damages resulting from its maintenance of the trailer. The terms “maintenance” and “use” are' distinct terms under the policy. Just as in Wall and Chase, I believe Arabie Trucking’s maintenance of the trailer did not constitute the use of the trailer in connection with its business. The clear and concise language of the policy does not include coverage for the maintenance of a non-owned auto.

. I disagree with the majority’s finding that Louisiana jurisprudence does not employ a "course and scope of employment” analysis when analyzing nonowned autos provisions.

. In Union Standard Insurance v. Hobbs and United States Fidelity v. Sanders, the courts employ the analysis set forth in Adams and Gore, supra, to determine whether a vehicle was used in connection with the insured's business and therefore, a nonowned auto.